UNITED STATES of America

v.

**Reginald A. LEWIS, Appellant**
**(two cases).**

UNITED STATES of America

v.

**Charles LEE, Appellant.**

UNITED STATES of America

v.

**Cleo GRAHAM, Jr., Appellant.**
**Nos. 72–1719, 72–1720, 72–1745**
**and 72–1895.**

United States Court of Appeals,
District of Columbia Circuit.

Argued En Banc May 21, 1973.

Decided Sept. 20, 1973.

W. Anthony Fitch, Williamsburg, Va., with whom Stanley Herr, Washington, D. C., was on the motion for appellant in Nos. 72–1719 and 72–1720.

Peter H. Wolf, Washington, D. C., was on the motion for appellants in Nos. 72–1745 and 72–1895.

W. Gary Kohlman with whom Marilyn Cohen, Washington, D. C., was on the motion for Public Defender Service as amicus curiae.

Richard L. Beizer, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., was on the motion for appellee.

Before BAZELON, Chief Judge, and WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON, ROBB and WILKEY, Circuit Judges, sitting en banc.

## ORDER

PER CURIAM.

In these three pending criminal appeals, motions were made in this Court that there be included in the records on appeal such pre-sentence reports (Rule 32(c), Fed.R.Crim.P.) and evaluation reports provided for in the Youth Corrections Act (18 U.S.C. § 5010(e)) as were before the District Court for sentencing purposes in these three cases. No opposition was filed by the Government to any of the motions. When the motions came on for hearing pursuant to our *sua sponte* order for *en banc* consideration, the Government represented that its lack of opposition derived from the fact that the reports in question had in each in-

stance been made unrestrictedly available by the District Court to trial counsel before sentence was passed; and that, under such circumstances, it saw no reason for denying them to appellate counsel for inclusion in the appellate record in connection with the challenges raised on appeal to the adult sentences imposed upon appellants.

In consideration of the foregoing, it is hereby

Ordered that the motions be granted; that the District Court, to the extent it has not already done so, make available to appellate counsel in these cases the reports in question; and that the Clerk be directed, when requested to do so, to make such reports part of the records upon which these appeals will be decided; and it is

Further ordered that, to the extent that any of the trial judges in these cases shall so order, the reports shall be delivered to appellate counsel under seal for use by such counsel alone; and such reports shall be under seal if and when they are included in the appellate record.

BAZELON, Chief Judge, concurring:

This court agreed to consider these motions *en banc* to decide whether, in Federal Youth Corrections Act[1] cases, the section 5010(e)[2] and the presentence reports[3] should be formally included as part of the record on appeal. The court's order today does not settle these questions, and provides no guidance for several cases that have been held pending our disposition here. Rather, in the preface of its order, the court suggests that it is granting appellants' motions because "[n]o opposition was filed by

the Government . . ." I cannot join the court's order because our power to include these reports in the appellate record derives, if at all, from the statute, and not from the consent of the U. S. Attorney.

I do believe, however, that under the Youth Corrections Act, as it has been explained in our *en banc* decisions in United States v. Coefield, 155 U.S.App. D.C. 205, 476 F.2d 1152 (1973), and United States v. Reed & Hoston, 155 U. S.App.D.C. 198, 476 F.2d 1145 (1973), appellants' motions should be granted. Those cases establish that when a sentencing judge imposes an adult sentence on a youth aged 18–21, he must accompany his decision with a "statement of reasons," unless he relies upon a section 5010(e) report,[4] in which case "additional reasons need not be stated." 476 F.2d at 1157. Once a judge justifies his imposition of an adult sentence—either by relying on a section 5010(e) report or by setting forth an independent statement of his reasons—appellate review is intended only to insure "the rationality of those factors in relation to the Congressional objectives." 476 F.2d at 1150. Not to require disclosure of the section 5010(e) report in these circumstances would be to place blind faith in those who prepared it. In effect, we would be saying that once a report is made by the correction authorities, and followed by the sentencing judge, there could be no appellate review irrespective of the reasons or information contained in that report. Such a conclusion would fly directly in the face of Congressional intent as determined in *Coefield* and *Reed & Hoston.*

1. 18 U.S.C. §§ 5005 et seq. (1970).

2. Section 5010(e) of the Act allows the sentencing court to order a youth committed to an evaluation center for assistance in deciding which of the dispositions available under the Act the judge should choose.

3. Rule 32(c)(2) of the Federal Rules of Criminal Procedure allows the sentencing court to order a presentence report in all criminal cases, not just Youth Act cases.

4. Since the presentence report by itself has never been offered as the sole justification for imposition of an adult sentence, we have never decided whether it, like the 5010(e) report, may totally replace a judge's statement of reasons. To the extent the presentence report is offered as a justification for an adult sentence, it obviously should be treated in the same manner as is a 5010(e) report.